UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SUSAN DECUYPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:13-cv-00850 |
| | ) | JURY DEMAND |
| AMY CORS FLINN, ROBERT DAVID | ) | JUDGE CAMPBELL/ |
| NEBEL, and JOY POLLOCK NEBEL, | ) | MAGISTRATE BRYANT |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW AND ARGUMENT
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

This action is brought by a homeowner in the Hampton Reserve community in Brentwood, Tennessee against two members of that community's volunteer Board of Directors – Amy Flinn and Joy Nebel – and another individual, Robert Nebel, arising from a variety of factual allegations. The complaint contains a myriad of legal theories, including violations of the Federal Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq. and the Tennessee Wiretapping and Electronic Surveillance Act, T.C.A. §§ 39-13-601 et seq. & 40-6-301 et seq., tortious invasion of privacy, defamation, intentional and negligent infliction of emotional distress, misrepresentation and fraud, breach of fiduciary duties, conspiracy to commit civil extortion, and spoliation of evidence.

For the underlying reasons, the complaint fails to state claims for certain theories upon which relief can be granted from these defendants, and those claims should be dismissed with prejudice. Upon dismissal of the sole federal cause of action, this Court should decline to exercise its pendent or supplemental jurisdiction over the plaintiff's state law claims.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Golden v. City of Columbus, 404 F.3d 950, 958-59(6th Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard" from Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which had previously declared that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). Instead, Twombly held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 127 S. Ct. at 1964-65. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.

The complaint fails to state factual allegations that support their claims for violating the Federal Wiretap Act, Tennessee's Wiretap Act, defamation, misrepresentation and fraud, tortious invasion of privacy, intentional and negligent infliction of emotional distress, breach of fiduciary duties, conspiracy to commit civil extortion, and spoliation of evidence. Further, because the plaintiff has failed to state a claim for the one theory that provides the basis for this Court's federal jurisdiction – violation of the Federal Wiretap Act – this entire action should be dismissed.

**I.   The Complaint Fails to State a Claim Under the Federal Wiretap Act.**

The complaint claims that defendants Flinn and Joy Nebel "managed the email lists and groups for all Hampton Reserve residents" and that they violated the Federal Wiretap Act by "improperly intercept[ing] and/or block[ing]" her emails sent to the residents' group email list, residents@hamptonreserve.org.  See Complaint, p. 8, paras. 43-45.  Document No. 1.  The plaintiff provides no further details supporting this claim.  See Complaint, generally, Document No. 1.

> More is required to state a claim under the Federal Wiretap Act.
>
> The ... Wiretap Act provides a private right of action against one who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a); *see* 18 U.S.C. § 2520 (providing a private right of action). The Wiretap Act defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* § 2510(4). Thus, plaintiffs must show five elements to make their claim under Title I of the ECPA: that a defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device. This showing is subject to certain statutory exceptions, such as consent.

In re Pharmatrak, Inc., 329 F.3d 9, 18 (1st Cir. 2003).

The Pharmatrak Court described the consent exception, including the burden of proof for the exception, as follows:

> There is a pertinent statutory exception to § 2511(1)(a) "where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act...." **18 U.S.C**. **§** 2511(2)(d). Plaintiffs, of course, bear the burden of establishing a violation of the ECPA. *Williams v. Poulos,* 11 F.3d 271, 283-84 (1st Cir.1993).

In re Pharmatrak, Inc., 329 F.3d at 19.

While it is not explicitly stated in the complaint, the emails that the plaintiff alleges were "intercepted and/or blocked" were her emails sent to the community's email address. See Complaint, p. 8, para. 44. This email address was "provided on the Hampton Reserve online website" as the "residents' group email list." Id. As such, any resident of the Hampton Reserve community who was on that residents' group email list would be a recipient of an email sent to that address. Defendants Flinn and Joy Nebel, as residents, were intended recipients of any emails sent by other residents in the Hampton Reserve community to that community email address. It follows logically that an intended recipient of an email can consent to intercepting that email, such that receipt of the email in question is not a violation of the Federal Wiretapping Act, which is why the Wiretap Act specifically so provides:

> **(d)** It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C.A. § 2511 (West).

Simply put, Flinn and Nebel can not be liable under the Federal Wiretap Act for "intercepting" an email sent when they were intended recipients. This cause of action should be dismissed.

"Pendent jurisdiction may be exercised over a state claim only 'where federal jurisdiction is properly based on a colorable federal claim." Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1504 (6th Cir.1990). "[B]efore a district court may assume pendent jurisdiction over a state claim which derives from a nucleus of operative fact common to the federal claim, a district court must

be presented a substantial federal question." Elliott, 899 F.3d at 1505. Federal questions are not substantial if they are "obviously without merit." Hagans v. Lavine, 415 U.S. 528, 537, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974).

Without a federal question upon which to base federal jurisdiction, this Court should not proceed to analysis of the plaintiff's state law claims and should decline to exercise pendent or supplemental jurisdiction over the balance of the plaintiff's claims, all of which arise under Tennessee law.

**II.     The Complaint Fails to State a Claim Under Tennessee's Wiretap Act.**

The Tennessee Wiretap Act is codified by T.C.A. § 39-13-603. The Tennessee Wiretap Act mirrors the damages provisions found in the Federal Wiretap Act cited/quoted above, not including the damages provided by 18 U.S.C. § 2520(c)(1). The United States District Court for the Middle District of Tennessee discussed the similarities between the Federal Wiretap Act and the Tennessee Wiretap Act:

> Cardinal alleges that Adams and Townsend/Music City violated the Federal Wiretap Act (FWA) and the Tennessee Wiretap Act (TWA). As a preliminary matter, the parties agree that, at least as to this cause of action, the analysis of the state and federal statutes should be the same, and that the analysis should be based on how federal courts have analyzed the relevant issues under the FWA, because there is very limited TWA case law and the relevant TWA and FWA provisions employ identical language. (Docket No. 44 11-12; Docket No. 61 at 11; Docket No. 113 at 15.) This court agrees that whether both the TWA and the FWA have been violated here can be determined based on the FWA and its case law.

Cardinal Health 414, Inc. v. Adams, 582 F. Supp.2d 967, 979 (M.D.Tenn. 2008). The Court discussed the application of the law with regard to the viewing of email by an employee of Townsend, a former employee of Cardinal Health, by using a former co-worker's password.

5

As discussed above regarding "interception," it is difficult to find a violation of the Tennessee Wiretap Act resulting from the interception of an email. It is impossible to find a violation of that Act when the alleged interceptor is one of the intended recipients. For the same reasons Count I in the Complaint should be dismissed, this claim should be dismissed as well.

**III.     The Complaint Fails to State a Claim for Invasion of Privacy.**

In Count III of the Complaint, the plaintiff alleges that Flinn "publicly disclosed and disseminated "Private Information". See Complaint, p. 10, paras. 59-60, Document No. 1. The Complaint alleges no facts at all regarding what information was disclosed or disseminated, to whom it was disclosed or disseminated, when the disclosure occurred, or any other circumstances surrounding the alleged wrongful act. See Complaint generally, Document No. 1.

Without more, the Complaint contains nothing other than "labels and conclusions", and it does not even attempt to allege a "formulaic recitation of a cause of action." Count III in the Complaint should be dismissed.

**IV.     The Complaint Fails to State a Claim for Defamation and Intentional and Negligent Infliction of Emotional Distress.**

The plaintiff alleges that defendant Bob Nebel slandered her during an annual homeowners' meeting when he said to her, "shut the f— up, you rotten c—." See Complaint, p. 6 para. 34 and p. 11 para. 65, Document No. 1. The statement is alleged to have been made at a contentious annual meeting of the homeowners in Hampton Reserve.

In Tennessee, "[w]hether a communication is capable of conveying a defamatory meaning is a question of law." Patel v. Service Merchandise Co., Inc., 959 S.W.2d 569 (Tenn.App.1996). While opinions are "not automatically protected by the United States Constitution", in order for an opinion to be actionable, it must "reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion." Revis v. McClean, 31 S.W.3d 250, 252 (Tenn.App.2000).

Tennessee courts have not addressed specifically whether the words alleged to have been used in this case are defamatory. However, one court has specifically found that similar phrases, including "f___ing bitch" and "f___ing cunt", were "nonactionable opinions", reasoning that "some statements ... cannot reasonably be understood to be meant literally and seriously and are obviously mere vituperation and abuse." Robel v. Roundup Corp., 59 P.3d 611, 622 (Wash.2002).

The same logic and reasoning should hold true in this case. The statement alleged to have been made by defendant Robert Nebel clearly expresses his frustration and opinion about the plaintiff, but it simply can not be interpreted to "imply the existence of undisclosed defamatory facts." Count IV in the Complaint should be dismissed.

V. **The Complaint Fails to State a Claim for Misrepresentation.**

In count V of the Complaint, the plaintiff alleges repeatedly that "[t]he Board" presented or that "[t]he Board" represented certain facts. See Complaint, pp. 12-14, paras. 72-86. Nowhere in those 14 paragraphs does the plaintiff allege one specific representation made by either of the two Board member defendants she sued individually in this action. The plaintiff's

7

shotgun approach to including every conceivable legal theory simply runs out of steam. There is absolutely no factual allegation anywhere in the complaint to support intentional or negligent misrepresentation claim as is set forth in Count V upon which relief can be granted, and there is even less support for a fraud claim against these defendants.

Count V of the complaint should be dismissed.

### VI.     The Complaint Fails to State a Claim for Spoliation of Evidence.

Count VIII of the Complaint appears to attempt to state a claim seeking damages for spoliation of evidence. See Complaint, p. 18, paras. 107-113. Tennessee law does not recognize a separate, stand-alone cause of action for spoliation of evidence. See Trumbo, Inc. v. Witco Corporation, W2002-01186-COA-R3-CV, 2003 WL 21946734 * 6 (Tenn.App. August 11, 2003) (a copy of this unpublished opinion is being filed contemporaneous with this Memorandum). This claim should be dismissed.

### CONCLUSION

For the foregoing reasons, the plaintiff has failed to state a claim in Counts I (violation of Federal Wiretap Act), II (violation of Tennessee Wiretap Act), III (tortious invasion of privacy), IV (defamation and intentional and negligent infliction of emotional distress), V (intentional/negligent misrepresentation and fraud), and VIII (spoliation of evidence) of her complaint upon which relief can be granted.

The defendants expressly reserve all other defenses and objections to all other allegations and/or relief requested in the complaint, as well as their right to move to dismiss or to seek

summary judgment dismissing the balance of the plaintiff's claims, and this Motion should not be construed as an admission of the merit or substance of the remaining Counts in the plaintiff's Complaint.

/s/ Neil M. McIntire
**Neil M. McIntire, Esq. 19830**
**HOWELL & FISHER, PLLC**
300 James Robertson Parkway
Nashville, TN 37211
nmcintire@howell-fisher.com
615-244-3370

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 21st day of October 2013 a true and correct copy of the foregoing has been forwarded via the court's electronic filing system to:

**Scott Johannessen, Esq.**
**LAW OFFICES OF SCOTT D. JOHANNESSEN**
3200 West End Avenue, Suite 500
Nashville, TN 37203

/s/ Neil McIntire

9

Case 3:13-cv-00850   Document 21   Filed 10/21/13   Page 9 of 9 PageID #: 113