UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUSAN DECUYPER, | |
| Plaintiff, | Case No. 3:13-cv-00850 |
| v. | District Judge Campbell/ Magistrate Judge Bryant |
| AMY FLINN, ROBERT NEBEL, and JOY NEBEL, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS

COMES NOW Plaintiff Susan DeCuyper and hereby responds to Defendants' Partial Motion to Dismiss (the "Motion"), as follows:[1]

### I

### INTRODUCTION

The gist of Defendants' Motion appears to be that this Court should throw out the entirety of Plaintiff's action because, from Defendants' point of view, the Federal Wiretap Act does not apply to the facts of this case and, therefore, the Court lacks the jurisdictional prerogative to hear the rest of Plaintiff's case. Defendants misconstrue, perhaps purposefully, Plaintiff's allegations.

In the remainder of their Motion Defendants then seek to trivialize, summarily dismiss and self-define their own wrongful conduct in an attempt to make it appear "acceptable" or "reasonable" and then proceed to feign ignorance as to the specific claims against them. Defendants go so far as to mischaracterize the context and content of Plaintiff's Complaint by, among other things, including an

---

[1] Contemporaneously herewith Plaintiff respectfully submits her Motion to Amend and her accompanying proposed Amended Complaint, which under the circumstances likely renders Defendants' Partial Motion to Dismiss unnecessary. Given Defendants' apparent uncertainty as to the allegations against them and giving due consideration to recent positions and admissions advanced by Defendants it is warranted and appropriate, in Plaintiff's opinion, to further define and expand upon the claims against Defendants so as to bring all interested parties before the Court in this action.

inaccurate narrative vis-à-vis Defendants' own fraud and misrepresentations, their own serial breaches of fiduciary duty, their own collusive violations of Federal and Tennessee Wiretap Acts, and their own watered-down characterization of public slander as "mere vituperation and abuse" that, in Defendants' opinion, should not be taken "seriously" by Plaintiff or others.[2]

Plaintiff believes that leadership is a privilege to better the lives of others and not an opportunity to satisfy personal greed. At its core Plaintiff's case is one about fighting greed and abuse of authority by a handful of rogue individuals who are willing to treat their fellow neighbors in ways law abiding and good citizens simply do not engage and what existing and well-established instruments of governance clearly disallow. Democritus said, "It is greed to do all the talking but not to want to listen at all." Perhaps now it is time for Defendants to put their own conflicts of interest and desires for personal financial gain and profit on the shelf where they belong, stop talking in circles and listen to those whom they seek to harm, and then do right by their neighbors and the covenants and promises they are supposed to protect and advance.

## II

### DEFENDANTS' MOTION TO DISMISS DOES NOT SATISFY THE LEGAL STANDARDS OF RULE 12 AND SHOULD BE DENIED

For several reasons, Defendants' Motion should be denied.

**A.** **Standard of Review.**

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Miller v. Curie*, 50 F.3d 373, 377 (6th Cir. 1995). "All of the allegations contained in the plaintiff's complaint are accepted as true, and the complaint is construed liberally in favor of the party opposing the motion." *Id.* (citing *Mertik v. Blalock*, 983 F.2d 1353, 1356 (6th Cir. 1993)); see also, *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 449 (6th Cir. 2007) (en banc) (viewing a complaint "through the prism of Rule 12(b)(6) [requires] us to accept all of its allegations and all reasonable inferences from them as true") (citing *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002)).

---

[2] As to the latter, Defendants have had ample opportunity to apologize to Plaintiff for the defamation but have never exercised the appropriate civility or discretion to do so.

To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts that, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff at this stage of the case is entitled to have the complaint construed in the light most favorable to her. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

When ruling on a motion to dismiss, a court may not consider evidence outside of the pleadings, *Rondigo, L.L.C. v. Twp of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)), but the court may consider other evidence appearing in the record if that evidence is "mentioned in the complaint and is central to the claims contained therein." *Id*. at 680-681 (*quoting Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)). The court may also consider documents that are public records without converting the motion to dismiss into a motion for summary judgment. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

**B.     Argument Of Counsel Is Not Evidence.**

Attorneys are not under oath when they present argument. Rule 43 of the Federal Rules of Civil Procedure requires the testimony of witnesses to be taken under oath in open court. Attorneys may present arguments or statements of fact outside of their personal knowledge, i.e., which is not evidence, but Rule 602 of the Federal Rule of Evidence requires that the testimony of a witness rest upon a foundation of "personal knowledge of the matter."

Defendants' attempt to repackage the underlying the facts of this case and then couch them in an attorney's argument to suit its purposes is misleading and should be disregarded. There will be a time when what Defendants believe to be their evidence can be introduced, argued and possibly admitted, but now is not that time.

### C. The Complaint States Claims Under the Federal and Tennessee Wiretap Acts.

Plaintiff pleads factual content that allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. The Federal Wiretap Act provides that a person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" is subject to criminal sanctions and civil liability. 18 U.S.C. § 2511(1)(a). The Federal Wiretap Act also subjects to civil and criminal liability anyone who discloses the contents of an illegally intercepted communication, *see* 18 U.S.C. § 2511(1)(c), or uses the contents of a intercepted communication, knowing or having reason to know that it was illegally obtained, *see* 18 U.S.C. § 2511(1)(d).

Tenn. Code Ann. § 39-13-601 *et seq.* (2006) and § 40-6-301 *et seq.* (2006) are part of the Tennessee Wiretap Act, which for the most part mirrors the Federal Wiretap Act. Tenn. Code Ann. § 39-13-601 identifies prohibited conduct, § 602 sets forth the criminal penalty for the prohibited conduct, and § 603 provides a private right of action to "any aggrieved person whose wire, oral or electronic communication is intentionally intercepted, disclosed or used in violation of § 39-13-601 . . ."

Meriam Webster's dictionary defines "intercept" to include "to stop, seize, or interrupt in progress or course or before arrival," which is clearly what Defendants have done by blocking and obstructing the delivery of Plaintiff's email to her neighbors. Defendants' actions were undertaken in support of and in order to advance their tortious conduct. Plaintiff's emails were intercepted by Defendants for the purpose of committing tortious acts in violation of federal and state laws. Further, Plaintiff provided no consent to Defendants to engage in the activities complained of. True, consent under the Federal Wiretap Act, subsections 2511(2)(c) and (d), and Tennessee's counterpart may be explicit or implied. *See United States v. Amen*, 831 F.2d 373, 378 (2d Cir. 1987). But neither is the case in Plaintiff's claims. There was no express consent given by Plaintiff to have her emails intercepted by Defendants, and the key to establishing implied consent in most cases is showing that the consenting party received actual notice of the monitoring and used the monitored system regardless, which likewise is not the case here. *See United States v. Workman*, 80 F.3d 688, 693 (2d Cir. 1996); *Griggs-Ryan v. Smith*, 904 F.2d 112, 116-17 (1st Cir. 1990)

("[I]mplied consent is consent in fact which is inferred from surrounding circumstances indicating that the party knowingly agreed to the surveillance.") (internal quotation marks omitted); *Berry v. Funk*, 146 F.3d 1003, 1011 (D.C. Cir. 1998); *see also* Tenn. Code Ann. §§ 39-13-601-603 (consent not a factor where "the communication is intercepted for the purpose of committing any criminal or tortious act in violation of the constitution or laws of the state of Tennessee").

Defendants' challenge to Plaintiff's claims pursuant to the Federal and Tennessee Wiretap Acts relies on an assumption that is simply inaccurate. Defendants' believe they did nothing wrong since Plaintiff purportedly consented to Defendants' interception, obstruction and blocking of emails Plaintiff sent to Defendants. But that is not Plaintiff's claim. Plaintiff's concern is not Defendants' interception of emails she sent to them, but rather Defendants' interception, obstruction and blocking of emails she sent to individuals other than Defendants, which interference was committed by Defendants without Plaintiff's consent and clearly in furtherance of Defendants' otherwise tortious activities.

### D. Given Defendants' New Assertions and Admissions, Plaintiff's Claims are Expanded in Her Amended Complaint.

Defendants also challenge Plaintiff's Complaint by claiming not enough detail and specificity, particularly with respect to the fraud and misrepresentation claims. Plaintiff disagrees. Notwithstanding, so as to make her position more well-defined than it already is Plaintiff has endeavored, by way of an accompanying Motion to Amend and proposed Amended Complaint, to provide more detail to the pleadings so as to further conform to the requirements of applicable law as well as Rule 12 of the Federal Rules of Civil Procedure. Since Defendants' latest positions also implicate another neighbor who appears to have acted in concert with them that party is also named in the proposed Amended Complaint. No Defendant will require any time to conform an existing pleading since none has been filed by any of them and no Defendant's posture in the litigation will be adversely affected by the proposed amendment.

## III

## CONCLUSION

WHEREFORE, Plaintiff respectfully submits that Defendants' Motion should be **DENIED** in its entirety and that her accompanying Motion to Amend should be **GRANTED**. Plaintiff believes she has

addressed by the proposed Amended Complaint any purported concerns any party may have regarding the original Complaint. However, out of an abundance of caution Plaintiff respectfully requests that she be granted leave to provide more detail and specificity to the proposed Amended Complaint in the event the Court believes for whatever reason there is either too much or not enough detail and/or specificity. Any concerns the Court may have can be addressed by further refinement, limitation and/or expansion through an amendment.

Respectfully submitted,

By: /s/ *Scott D. Johannessen*

Scott D. Johannessen, BPR # 26767
LAW OFFICES OF SCOTT D. JOHANNESSEN
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone:  877.863.5400
Facsimile:   877.863.5401
E-Mail:       scott@sdjnet.com
Web:          www.sdjnet.com

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.01, the undersigned hereby certifies that on the 4th day of November 2013 he caused a true and correct copy of the following document:

RESPONSE TO PARTIAL MOTION TO DISMISS

to be delivered to the following persons/entities appearing of record herein via electronic mail through the Court's ECF system:

Neil M. McIntire
Howell & Fisher, PLLC
300 James Robertson Parkway
Nashville, TN 37211

By: /s/ *Scott D. Johannessen*
Scott D. Johannessen