UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUSAN DECUYPER, | § |
| | § |
| Plaintiff, | § Case No. 3:13-cv-00850 |
| | § |
| HAMPTON RESERVE | § District Judge Campbell/ |
| HOMEOWNERS' ASSOCIATION, INC., | § Magistrate Judge Bryant |
| | § |
| Involuntary Plaintiff, | § |
| | § |
| v. | § DEMAND FOR JURY TRIAL |
| | § |
| AMY FLINN, ROBERT NEBEL, | § |
| JOY NEBEL, and SUE RUTA, | § |
| | § |
| Defendants. | § |

## MOTION FOR ENTRY OF UNCONTESTED ORDER

Plaintiff Susan DeCuyper, by and through her undersigned attorney and pursuant to LR 16.01(f)(2), hereby moves this Court for entry of an uncontested order concerning certain specific issues addressing her right of legal representation (the "*Motion*"). In support of her *Motion* Ms. DeCuyper would show:

1. Ms. DeCuyper is a homeowner residing in the Hampton Reserve subdivision of Brentwood, Tennessee. Ms. DeCuyper is a member of Plaintiff Hampton Reserve Homeowners' Association, Inc. (the "HOA").

2. On November 18, 2013, at 7:00 in the evening, Ms. DeCuyper will be attending a meeting (the "HOA Meeting") scheduled by the HOA. The HOA Meeting will take place in the city of Brentwood in a publicly owned building at a public location, i.e., Fire Station 4 & Training Center located on Sunset Road. Presumably, all Defendants in this case, including Defendant Joy Nebel, president of the HOA, and her husband, Defendant Robert Nebel, will be attending the HOA Meeting.

3. Ms. DeCuyper would prefer to have her personal attorney, who is also her attorney of record herein, accompany her to/from and during the HOA Meeting. Ms. DeCuyper has the right to be accompanied by her personal attorney and legal advisor during the HOA Meeting. No provision in any of the HOA's governing documents prohibits any HOA homeowner from attending the HOA Meeting with her legal advisor and personal representative. Counsel of record for Defendants herein, Neil McIntire, has expressed his general agreement with Ms. DeCuyper's wishes.

4. Good cause exists to grant Ms. DeCuyper the relief she requests. Given the unsolicited hostility and angst displayed toward her and others during the most recent meeting of the HOA (see, e.g., paragraphs 26 through 32 of the *Amended Complaint*) Ms. DeCuyper is concerned about her safety and well-being when she attends the next HOA Meeting on November 18. Ms. DeCuyper's husband will be out of town and unable to accompany her to the HOA Meeting. Thus, for reasons of safety, comfort and counsel Ms. DeCuyper has asked her personal attorney to accompany her to the HOA Meeting. Ms. DeCuyper's attorney will not participate at all in the HOA Meeting and will not, of course, discuss the subject matter of this case with anyone attending the HOA Meeting who is not otherwise his client.

5. A party's constitutional right to be represented by counsel is well-established. Further, Tennessee Supreme Court Rule 8, Rules of Professional Conduct ("RPC"), state in relevant part:

    a. "The advocate has a duty to use legal procedure for the fullest benefit of the client's cause …" Tenn. Sup. Ct. R. 8, RPC 3.1, Comment 1.

    b. "A lawyer should pursue a matter on behalf of a client despite opposition, obstruction, or personal inconvenience to the lawyer, and take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor. A lawyer must also act with commitment and dedication to the interests of the client." Tenn. Sup. Ct. R. 8, RPC 1.3, Comment 1.

    c. "As an advisor, a lawyer provides a client with an informed understanding of the client's legal rights and obligations and explains their practical implications." Tenn. Sup. Ct. R. 8, RPC Preamble 3.

    d. "The Rules of Professional Conduct are rules of reason. They should be interpreted with reference to the purposes of legal representation and of the law itself." Tenn. Sup. Ct. R. 8, RPC Preamble 15.

e. "In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations such as moral, economic, social, and political factors that may be relevant to the client's situation" and "A client is entitled to straightforward advice expressing the lawyer's honest assessment."  Tenn. Sup. Ct. R. 8, RPC 2.1, Comment 1.

f. "A lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system, and a public citizen having special responsibility for the quality of justice." Tenn. Sup. Ct. R. 8, RPC Preamble 2.

6. Again, Defendants' counsel of record, Mr. McIntire, properly and graciously shared and expressed his opinion that Ms. DeCuyper is entitled to have her personal attorney accompany her to the HOA Meeting.  Apparently, Mr. McIntire was later "overruled" by another attorney, not an attorney of record herein, i.e., attorney Brad Scarbrough.  Mr. Scarbrough seemingly has a conflict of interest providing an opinion that is opposed to Defendants' own attorney of record and Mr. Scarbrough has not expressed any legitimate or rational reason for seeking to obstruct Ms. DeCuyper's reasonable request.  Mr. Scarbrough also will be a material witness in this action.  See, e.g., Tenn. Sup. Ct. R. 8, RPC 2.1, Comment 13 ("if the claim involves serious charges of wrongdoing by those in control of the organization, a conflict may arise between the lawyer's duty to the organization and the lawyer's relationship with the board.  In those circumstances, RPC 1.7 governs who should represent the directors and the organization.").

7. At all times during the HOA meeting Ms. DeCuyper's attorney will, of course, strictly and diligently observe the mandates of Rule 4.2, to wit, "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."  Tenn. Sup. Ct. R. 8, RPC 4.2.

8. Ms. DeCuyper does not object to any Defendant herein being accompanied by their personal attorney during the HOA Meeting.

9. "The object of an ex parte proceeding is nevertheless to yield a substantially just result." Tenn. Sup. Ct. R. 8, RPC 3.3, Comment 5.

WHEREFORE, Ms. DeCuyper respectfully submits that for good cause, as fairness and justice suggest, and since counsel of record representing all parties to this action agree that Ms. DeCuyper should be able to attend the HOA Meeting with her attorney, Ms. DeCuyper's request to do so should be **GRANTED** by this Court.

> Respectfully submitted,
>
> By: /s/ *Scott D. Johannessen*
>
> Scott D. Johannessen, BPR # 26767
> LAW OFFICES OF SCOTT D. JOHANNESSEN
> 3200 West End Avenue, Suite 500
> Nashville, TN 37203
> Telephone: 877.863.5400
> Facsimile: 877.863.5401
> E-Mail: scott@sdjnet.com
> Web: www.sdjnet.com
>
> *Attorney for Plaintiff:*
> *Susan DeCuyper*

# CERTIFICATE OF SERVICE

  Pursuant to Local Rule 5.01, the undersigned hereby certifies that on the 18th day of November 2013 he caused a true and correct copy of the following document:

MOTION FOR ENTRY OF UNCONTESTED ORDER

to be delivered to the following persons/entities appearing of record herein via electronic mail through the Court's ECF system:

Neil M. McIntire
Howell & Fisher, PLLC
300 James Robertson Parkway
Nashville, TN 37211


                 By: */s/ Scott D. Johannessen*
                    Scott D. Johannessen