IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SUSAN DECUYPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:13-cv-00850 |
| | ) | JURY DEMAND |
| AMY FLINN, ROBERT NEBEL, | ) | JUDGE CAMPBELL/ |
| JOY NEBEL, and SUE RUTA, | ) | MAGISTRATE BRYANT |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW AND ARGUMENT
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

This action is brought by a homeowner in the Hampton Reserve community in Brentwood, Tennessee against three members of that community's volunteer Board of Directors – Amy Flinn, Joy Nebel and Sue Ruta – and another individual, Robert Nebel, arising from a variety of factual allegations. The Amended Complaint contains a myriad of legal theories, including violations of the Federal Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq. and the Tennessee Wiretapping and Electronic Surveillance Act, T.C.A. §§ 39-13-601 et seq. & 40-6-301 et seq., conversion, defamation, intentional and negligent infliction of emotional distress, misrepresentation and fraud, breach of fiduciary duties, and conspiracy to commit civil extortion.

For the underlying reasons, the Amended Complaint fails to state claims for certain theories upon which relief can be granted from these defendants, and those claims should be dismissed with prejudice. Upon dismissal of the sole federal cause of action brought pursuant to the Federal Electronic Communications Privacy Act, this Court should decline to exercise its pendent or supplemental jurisdiction over the plaintiff's state law claims.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Golden v. City of Columbus, 404 F.3d 950, 958-59(6th Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard" from Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which had previously declared that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). Instead, Twombly held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 127 S. Ct. at 1964-65. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.

The Amended Complaint fails to state factual allegations that support their claims for violating the Federal Wiretap Act, Tennessee's Wiretap Act, defamation, misrepresentation and fraud, conversion, intentional and negligent infliction of emotional distress, and conspiracy to commit civil extortion. Further, because the plaintiff has failed to state a claim for the one theory that provides the basis for this Court's federal jurisdiction – violation of the Federal Wiretap Act – this entire action should be dismissed.

**I.      The Amended Complaint Fails to State a Claim Under the Federal Wiretap Act.**

The Amended Complaint claims that defendants Flinn and Joy Nebel "had access to the emails of Hampton Reserve residents, including the contents of emails by, between, and amongst the 150-plus adults residing in Hampton Reserve, and had the ability to intercept, obstruct, and block such emails."  See Amended Complaint, p. 15, paras. 79-80, Document No. 31.  Plaintiff also alleges that "Defendants and their representatives, by use of electronic, software, mechanical, or other devices, did themselves and procured others on their behalves to intentionally, knowingly, improperly and unlawfully intercept, obstruct, block, disclose, and use the emails and the contents of emails originated by Plaintiff and third parties not named as Defendants herein."  Id.

The Amended Complaint fails to specify the date or recipient of any emails she claims the Defendants intercepted, obstructed, blocked, disclosed, or otherwise misused.  She also fails to affirmatively allege to whom these defendants sent these emails as alleged in Paragraph 80.  Id.  It is telling that none of these emails these Defendants are accused of intercepting, obstructing, or blocking are attached to the Amended Complaint, despite plaintiff's ability and willingness to attach a multitude of other documents thereto.

> Simply put, more is required to state a claim under the Federal Wiretap Act.
>
> The ... Wiretap Act provides a private right of action against one who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a); *see* 18 U.S.C. § 2520 (providing a private right of action). The Wiretap Act defines "intercept" as "the aural or other acquisition of the

3

Case 3:13-cv-00850   Document 45   Filed 12/04/13   Page 3 of 11 PageID #: 344

contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* § 2510(4). Thus, plaintiffs must show five elements to make their claim under Title I of the ECPA: that a defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device. This showing is subject to certain statutory exceptions, such as consent.

In re Pharmatrak, Inc., 329 F.3d 9, 18 (1st Cir. 2003).

The Pharmatrak Court described the consent exception, including the burden of proof for the exception, as follows:

> There is a pertinent statutory exception to § 2511(1)(a) "where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act...." **18 U.S.C**. **§** 2511(2)(d). Plaintiffs, of course, bear the burden of establishing a violation of the ECPA. *Williams v. Poulos,* 11 F.3d 271, 283-84 (1st Cir.1993).

In re Pharmatrak, Inc., 329 F.3d at 19.

The Amended Complaint alleges that these Defendants - volunteer members of a homeowners' association's Board of Directors - had "access to the emails of Hampton Reserve residents." See Amended Complaint, p. 15, para. 79.  The Amended Complaint is silent as to precisely how any of these Defendants obtained that access to "emails" or, more precisely, what the plaintiff means when she uses the term "emails."  The only "emails" the plaintiff can possibly refer to in her Amended Complaint are those emails sent by plaintiff and other members of the Hampton Reserve Homeowners Association to the community-wide email address and which were intended for dissemination to and receipt by all members of the Association, including these Defendants.

4

It follows logically that an intended recipient of an email can consent to intercepting that email, such that receipt of the email in question is not a violation of the Federal Wiretapping Act, which is why the Wiretap Act specifically so provides:

> **(d)** It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C.A. § 2511 (West).

Simply put, neither Flinn, Nebel, nor Ruta can be liable under the Federal Wiretap Act for "intercepting" an email sent when they were intended recipients. This cause of action should be dismissed.

"Pendent jurisdiction may be exercised over a state claim only 'where federal jurisdiction is properly based on a colorable federal claim." Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1504 (6th Cir.1990). "[B]efore a district court may assume pendent jurisdiction over a state claim which derives from a nucleus of operative fact common to the federal claim, a district court must be presented a substantial federal question." Elliott, 899 F.3d at 1505. Federal questions are not substantial if they are "obviously without merit." Hagans v. Lavine, 415 U.S. 528, 537, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974).

Without a federal question upon which to base federal jurisdiction, this Court should not consider the plaintiff's state law claims and should decline to exercise pendent or supplemental jurisdiction over the balance of the plaintiff's claims, all of which arise under Tennessee law.

5

## II. The Amended Complaint Fails to State a Claim Under Tennessee's Wiretap Act.

The Tennessee Wiretap Act is codified by T.C.A. § 39-13-603. The Tennessee Wiretap Act mirrors the damages provisions found in the Federal Wiretap Act cited/quoted above, not including the damages provided by 18 U.S.C. § 2520(c)(1). The United States District Court for the Middle District of Tennessee discussed the similarities between the Federal Wiretap Act and the Tennessee Wiretap Act:

> Cardinal alleges that Adams and Townsend/Music City violated the Federal Wiretap Act (FWA) and the Tennessee Wiretap Act (TWA). As a preliminary matter, the parties agree that, at least as to this cause of action, the analysis of the state and federal statutes should be the same, and that the analysis should be based on how federal courts have analyzed the relevant issues under the FWA, because there is very limited TWA case law and the relevant TWA and FWA provisions employ identical language. (Docket No. 44 11-12; Docket No. 61 at 11; Docket No. 113 at 15.) This court agrees that whether both the TWA and the FWA have been violated here can be determined based on the FWA and its case law.

Cardinal Health 414, Inc. v. Adams, 582 F. Supp.2d 967, 979 (M.D.Tenn. 2008). The Court discussed the application of the law with regard to the viewing of email by an employee of Townsend, a former employee of Cardinal Health, by using a former co-worker's password.

As discussed above regarding "interception," it is difficult to find a violation of the Tennessee Wiretap Act resulting from the interception of an email. It is impossible to find a violation of that Act when the alleged interceptor is one of the intended recipients. For the same reasons Count III in the Amended Complaint should be dismissed, this claim should be dismissed as well.

6

### III. The Amended Complaint Fails to State a Claim for Defamation and Intentional and Negligent Infliction of Emotional Distress.

The plaintiff alleges that defendant Bob Nebel slandered her during an annual homeowners' meeting when he said to her, "shut the f— up, you rotten c—." See Complaint, p. 6 para. 34 and p. 11 para. 65, Document No. 1.  The statement is alleged to have been made at a contentious annual meeting of the homeowners in Hampton Reserve.

In Tennessee, "[w]hether a communication is capable of conveying a defamatory meaning is a question of law." Patel v. Service Merchandise Co., Inc., 959 S.W.2d 569 (Tenn.App.1996). Opinions are "not automatically protected by the United States Constitution", but actionable opinions must "reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion." Revis v. McClean, 31 S.W.3d 250, 252 (Tenn.App.2000).

Tennessee courts have not addressed specifically whether the words alleged to have been used in this case are defamatory. However, one court has specifically found that similar phrases, including "f___ing bitch" and "f___ing cunt", were "nonactionable opinions", reasoning that "some statements ... cannot reasonably be understood to be meant literally and seriously and are obviously mere vituperation and abuse." Robel v. Roundup Corp., 59 P.3d 611, 622 (Wash.2002).

The same logic and reasoning should hold true in this case.  The statement alleged to have been made by defendant Robert Nebel clearly expresses his frustration and opinion about the plaintiff, but it simply can not be interpreted to "imply the existence of undisclosed defamatory facts." Count V in the Amended Complaint should be dismissed.

7

### IV. The Amended Complaint Fails to State a Claim for Fraud and Misrepresentation.

In Count I of the Amended Complaint, plaintiff alleges repeatedly that "Defendants and the HOA Board" presented or that "[t]he Board" represented certain facts. See Amended Complaint, pp. 8-10, paras. 37-56. Nowhere in those 19 paragraphs does the plaintiff identify one specific representation made personally by any of the three Board member defendants she sued individually. Without any identification of the individual defendant(s) who the plaintiff accuses of making a particular representation, the Amended Complaint fails to state a claim for fraud with the sufficient particularity under Rule 9, F.R.C.P. upon which relief can be granted.

There is absolutely no factual allegation anywhere in the complaint to support intentional or negligent misrepresentation claim as is set forth in Count I upon which relief can be granted, and there is even less support for a fraud claim against these defendants.

Count I of the Amended Complaint should be dismissed.

### V. The Amended Complaintif Fails to State a Clam for Conspiracy to Commit Civil Extortion.

In Count VI, plaintiff alleges that these Defendants have conspired to commit extortion by coercion. See Amended Complaint, pp. 18-20, paras. 100-108, Document No. 31. To support her claim, plaintiff incorporates all previous factual allegations and then provides a litany of ways that all of the Defendants' previously pleaded bad acts injured her. Id. However, nowhere in the Amended Complaint are any facts supportive of the concept of "coercion" required to state a

8

Case 3:13-cv-00850   Document 45   Filed 12/04/13   Page 8 of 11 PageID #: 349

claim for extortion:

> Coercion means a threat, however communicated, to:
> (A)   Commit any offense;
> (B)   Wrongfully accuse any person of any offense;
> (C)   Expose any person to hatred, contempt, or ridicule;
> (D)   Harm the credit or business repute of any person; or
> (E)   Take or withhold action as a public servant or cause a public servant to take or withhold action ...

See T.C.A. § 39-11-106(a)(3).

Nowhere in the factual pleadings in the Amended Complaint are any accusations of any threats whatsoever. See Amended Complaint, generally, Document No. 31. Without any factual support for a necessary element of plaintiff's extortion claim upon which to premise her civil conspiracy theory, plaintiff's Amended Complaint fails to state a claim for civil conspiracy yo commit civil extortion upon which relief can be granted. Count VI of the Amended Complaint should be dismissed.

### V.   The Amended Complaint Fails to State a Claim for Conversion.

In Count VII of the Amended Complaint, the plaintiff alleges that the Defendants "appropriated ... HOA property to their own use and benefit to the exclusion of and in defiance of Plaintiff and the HOA's rights." See Amended Complaint, p. 20, paras. 111-112, Document No. 31. Plaintiff further alleges that "Defendants and/or their agents or authorized representatives have wilfully exercised dominion and control over the HOA property and/or have destroyed one or more items constituting the HOA property." Id. at para. 112. Plaintiff asserts that

9

"Defendants know and have known that the withholding and/or destruction of the HOA Property" would disrupt and/or compromise certain of Plaintiff and the HOA's legal rights to the HOA Property." Id. at para. 113.

Clearly, this theory of liability was inextricably linked to plaintiff's attempt to introduce the Association as an involuntary plaintiff. See Amended Complaint, p. 2, para. 5. Under no legal theory expressly or implicitly included in the Amended Complaint would or could plaintiff individually have standing to sue for conversion of Association property. Because she voluntarily dismissed her claim brought on behalf of the Association, Count VII is moot and should be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's Amended Complaint has failed to state a claim in Counts I (intentional/negligent misrepresentation and fraud), III (violation of Federal Wiretap Act), IV (violation of Tennessee Wiretap Act), V (defamation and intentional and negligent infliction of emotional distress), VI (conspiracy to commit civil extortion) or VII (spoliation of conversion) upon which relief can be granted. Those Counts should be dismissed.

The defendants expressly reserve all other defenses and objections to all other allegations and/or relief requested in the complaint, as well as their right to move to dismiss or to seek summary judgment dismissing the balance of the plaintiff's claims, and this Motion should not be construed as an admission of the merit or substance of the remaining Counts in the plaintiff's Complaint.

/s/ Neil M. McIntire
**Neil M. McIntire, Esq. 19830**
**HOWELL & FISHER, PLLC**
300 James Robertson Parkway
Nashville, TN 37211
nmcintire@howell-fisher.com
615-244-3370

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 4th day of December 2013 a true and correct copy of the foregoing has been forwarded via the court's electronic filing system to:

**Scott Johannessen, Esq.**
LAW OFFICES OF SCOTT D. JOHANNESSEN
3200 West End Avenue, Suite 500
Nashville, TN 37203

/s/ Neil McIntire