IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SUSAN DECUYPER )
)
v. ) No. 3:13-0850
) Judge Campbell/Bryant
AMY FLINN, et al. )


To:     The Honorable Todd Campbell, District Judge


REPORT AND RECOMMENDATION

By order entered August 27, 2013 (Docket Entry No. 5), this matter was
referred to the undersigned for case management.  Plaintiff amended her complaint on
November 6, 2013.  (Docket Entry No. 31)  On December 4, 2013, defendants filed a motion
to dismiss the amended complaint.  (Docket Entry No. 44)  This motion was referred to the
undersigned for a Report and Recommendation as to disposition.  (Docket Entry No. 46)  For
the reasons given below, the undersigned recommends that the motion to dismiss be
GRANTED.


I.  Statement of the Case

Plaintiff Susan DeCuyper filed this case in August 2013, alleging various
claims against defendants Amy Flinn, Robert Nebel, Joy Nebel, and Sue Ruta, all surrounding
these defendants' actions as board members of the homeowners association ("HOA") of
Hampton Reserve, the Brentwood, Tennessee subdivision in which plaintiff and defendants
resided at the time.  In her amended complaint, plaintiff pleads claims for relief under eleven
counts, all of which invoke state law except count III, which presents a claim for violation of

the Federal Wiretap Act. (Docket Entry No. 31, ¶¶ 76-84) With this count, plaintiff alleges that as part of a conspiracy to abuse their HOA Board power for their personal gain, to the detriment of other subdivision residents, defendants used their access to email traffic on the community listserv to intercept email communications between plaintiff and other residents. Defendants argue that the allegations in this count fail to state a claim upon which relief can be granted and that the entire action is therefore subject to dismissal, since this federal statutory claim is the sole basis for invoking this Court's original jurisdiction. Plaintiff responds that the factual allegations of her pleading are sufficient to withstand defendants' Rule 12 motion.

## II. Conclusions of Law

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." LULAC v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In contrast to factual allegations, legal conclusions are not assumed to be true, and are not sufficient to demonstrate the requisite plausibility of entitlement to relief unless supported by sufficient, relevant facts. Id. at 679. Thus, the Supreme Court has warned that "a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555.

B.  The Federal Wiretap Act Claim

A violation of the Federal Wiretap Act (FWA) occurs when anyone, without authorization, "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication," or when such intercepted communications are intentionally "used" or "disclosed."  18 U.S.C. § 2511(1).  One who violates the FWA may be subject to criminal penalties as well as a civil claim for damages.  18 U.S.C. § 2520.  The FWA defines "intercept" as the "aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device."  18 U.S.C. § 2510(4).  Such interception is unlawful unless the interceptor is a party to the communication, or one of the parties to the communication has given prior consent to the interception; however, implied or explicit consent is vitiated where the purpose of the interception is to commit a criminal or tortious act.  18 U.S.C. § 2511(2)(d).

Defendants argue that the factual allegations supporting plaintiff's FWA claim are insufficient to survive their motion to dismiss.  The pertinent allegations of the amended complaint are these:

40.  Defendants and the HOA Board represented to Hampton Reserve residents that all Hampton Reserve residents would be provided use of and access to Hampton Reserve emails sent by, between and amongst other Hampton Reserve residents without interception, obstruction or unlawful interference.

***

79.  At all relevant times herein Defendants had access to the emails of

3

Hampton Reserve residents, including the contents of the emails by, between and amongst the 150-plus adults residing in Hampton Reserve, and had the ability to intercept, obstruct and block such emails.

80. In violation of the Federal Wiretap Act Defendants and their representatives, by use of electronic, software, mechanical or other devices, did themselves and procured others on their behalves to intentionally, knowingly, improperly and unlawfully intercept, obstruct, block, disclose and use the emails and the contents of emails originated by Plaintiff and third parties not named as Defendants herein (the "Intercepted Emails"). The Intercepted Emails were sent to third parties not named as Defendants herein and were intercepted, obstructed, blocked, disclosed and/or used by Defendants without Plaintiff and/or the intended recipients' prior consent and for purposes in furtherance of Defendants' unlawful and tortious activities as described herein.

(Docket Entry No. 31, ¶¶ 40, 79-80) Moreover, attached to and incorporated by the amended complaint (Docket Entry No. 31 at ¶ 81) is a cease-and-desist letter dated August 6, 2013, and addressed to defendant Flinn, wherein plaintiff's counsel (who is also a resident of Hampton Reserve) states as follows:

It has come to my attention that you, in your official capacities as an authorized member of the HOA Board of Directors (the "Board") and duly elected HOA officer, are or have been the "moderator" for the HR residents' email list, i.e., residents@hamptonreserve.org. Further, I understand that you, in your dual capacities as Board member and HOA officer, have been intercepting and blocking personal emails sent by HR residents, including Ms. DeCuyper, to other HR residents. To my knowledge, no HR resident, including Ms. DeCuyper, has provided you or anyone else with his or her consent to engage in such activities.

(Docket Entry No. 31-5 at 1)

As defendants note, the allegations supporting plaintiff's FWA claim are silent as to any particulars regarding which emails were intercepted, to which third parties such intercepted emails were directed, or other details. Instead, the language of paragraph 80 of

the amended complaint merely tracks the language of the statute, and is thus little more than "a formulaic recitation of the elements of a cause of action" under the FWA. Accordingly, accepting all of plaintiff's factual allegations as true and drawing all reasonable inferences from those facts in her favor, it does not appear that plaintiff has made a plausible showing of her entitlement to relief under the FWA.

Furthermore, even were more particular factual material alleged in the amended complaint, or by further amendment, it would appear that this FWA claim must fail as a matter of law. While defendants argue that plaintiff necessarily consented to interception of electronic communication over a community listserv, and plaintiff responds that any such consent would necessarily be vitiated by the tortious purpose behind the interception, these matters only come to bear if the communication is "intercepted" in the first place. While plaintiff cites the FWA's definition of that term, she adverts to the dictionary definition of "intercept" to encompass obstructing and blocking of emails as among the prohibited actions. (Docket Entry No. 51 at 6) However, "[t]he overwhelming body of case law . . . finds that, unless an e-mail is actually acquired in its split second transmission over a computer network, it cannot be 'intercepted' as that term is reasonably understood." <u>Cardinal Health 414, Inc. v. Adams</u>, 582 F.Supp.2d 967, 979 (M.D. Tenn. 2008).

In <u>Cardinal Health</u>, Judge Trauger joined other circuit and district courts in considering the legislative history of the FWA along with the dictionary definition of "intercept," concluding that the FWA is concerned with electronic communications acquired during the "flight" of the communication, rather than when that communication is in electronic storage. <u>Id.</u> at 979-81 (citing, e.g., <u>Steve Jackson Games, Inc. v. U.S. Secret Serv.</u>, 36 F.3d 457 (5th Cir. 1994)). The Fifth Circuit Court of Appeals, in <u>Steve Jackson</u>

Games, Inc. v. U.S. Secret Service, noted that Congress did not intend for "intercept" to apply to "electronic communications" when those communications are in "electronic storage," and despite the logical appeal of the argument that seizure of something before it is received by the intended recipient should constitute interception, "electronic storage" is defined in the FWA as "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof[.]" 18 U.S.C. § 2510(17)(A) (emphasis added).[1] Thus, any interception in the case at bar would have to have occurred after the email was sent from the computer of the individual sender, and before the message arrived in local storage on the subdivision's server. The allegations of the amended complaint do not support any such capture, but only allege viewing and blocking of the communications at some time prior to delivery to their intended destination. Despite the difficulty of demonstrating such interception, as Judge Trauger noted in Cardinal Health, "[s]imply because e-mail is not readily susceptible to 'interception' does not mean that the courts should bend the language of the statute so it provides an additional avenue of relief to a supposedly aggrieved party." 582 F.Supp.2d at 980-81. The allegations of intercepted emails in this case are simply insufficient to state a claim under the FWA upon which relief can be granted.

## C. State Law Claims

All other claims in this action arise under state law, and are properly before

---

[1]Accordingly, one commentator has noted that, "[f]ollowing the Fifth Circuit's rationale, there is only a narrow window during which an E-mail interception may occur -- the seconds or milli-seconds before which a newly composed message is saved to any temporary location following a send command," making interception of an email within the prohibition of the FWA virtually impossible. Jarrod J. White, Comment, E-Mail @Work.Com: Employer Monitoring of Employee E-Mail, 48 Ala. L. Rev. 1079, 1083 (1997). But see U.S. v. Szymuszkiewicz, 622 F.3d 701 (7th Cir. 2010).

this federal court as a matter of supplemental jurisdiction.  As this Court explained in <u>Hullett v. DeKalb County, Tennessee</u>, 2012 WL 398288 (M.D. Tenn. Feb. 7, 2012), 28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  This statute codified the principles set forth in <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715 (1966), wherein the Supreme Court held that jurisdiction over a pendent state law claim is proper only when that claim and the federal claim(s) over which the court has original jurisdiction "derive from a common nucleus of operative fact," and are so closely related that the plaintiff "would ordinarily be expected to try all of them in one judicial proceeding." <u>Gibbs</u>, 383 U.S. at 725.  However, even in the presence of such a close relationship, § 1367 goes on to allow that the exercise of supplemental jurisdiction is a matter of the court's discretion, as follows:

> (c)  The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1)  the claim raises a novel or complex issue of State law,
>
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)  the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

> Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."

City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

There is a general presumption that dismissal of all federal claims should result in declining to retain supplemental jurisdiction over pendent state claims, especially where the dismissal of the touchstone federal claim is pursuant to motion under Fed. R. Civ. P. 12(b)(1) or (6). See Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996). Should the District Judge agree that the lone federal claim in this action is subject to dismissal, the undersigned sees no reason to retain supplemental jurisdiction over the multitude of state claims remaining. Accordingly, the undersigned would recommend that these remaining claims be dismissed without prejudice to being re-filed in state court.

III.  Recommendation

In light of the foregoing, the Magistrate Judge recommends that defendants' motion to dismiss plaintiff's amended complaint be GRANTED, and that plaintiff's FWA claim be dismissed with prejudice while her remaining state law claims are dismissed without prejudice to being re-filed in state court.

Any party has fourteen (14) days from receipt of this Report and

Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 29th day of August, 2014.


s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE